

1500 Broadway | Suite 2900 | New York, NY 10036

April 11, 2024

WRITER'S DIRECT NUMBER: 212.835.6302
EMAIL: Simone.Park@icemiller.com

*VIA ECF*

Hon. Robyn F. Tarnofsky, Magistrate Judge
U.S. District Court, S.D.N.Y.
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY  10007-1312

> Application denied. At the pre-settlement conference scheduled for April 15, 2024 at 11 AM, the parties should be prepared to discuss the basis for their position that a settlement conference would be premature at this time.
>
> Date: 4/12/2024   SO ORDERED
> New York, NY
>
> ROBYN F. TARNOFSKY
> UNITED STATES MAGISTRATE JUDGE

RE:   *Ira Mohammed v. Leap Services, Inc.*
      Case No. 1:24-cv-01318-JMF

**Joint Request for Adjournment of Settlement Conference *Sine Die***

Dear Judge Tarnofsky:

     I represent Defendant Leap Services, Inc., and write jointly with Plaintiff, pursuant to Rule V.L. of Your Honor's Individual Practices in Civil Cases, to request that the Settlement Conference, currently scheduled for April 17, 2024, be adjourned *sine die*.  The reasons for this adjournment are more fully described below.

     This matter was removed by Defendant to this Court on February 21, 2024 (Dkt. No. 1) based solely on the information provided by Plaintiff in the initial summons from the New York Supreme Court.  This initial summons included allegations related to the federal Fair Labor Standards Act ("FLSA").  At that time, no formal Complaint had been filed.  The Complaint was filed on April 3, 2024 (Dkt. No. 14) and raised only allegations under New York Labor Law, and specifically NYLL §191 related to liquidated damages and pay frequency.  The Complaint also contained claims under §191 on behalf of a class.

     Shortly thereafter, the parties, through counsel, discussed the nature of the claims and Plaintiff disclosed that she intends to amend her Complaint and add claims for unpaid overtime under the FLSA as a collective action.  The claims are now much broader in scope than was originally anticipated from reviewing the summons.

     My co-counsel, Paul Bittner, spoke with Plaintiff's counsel, Michael Borrelli, on April 9, 2024 regarding settlement.  Both are experienced wage and hour lawyers.  Following those discussions, Plaintiff strongly believes that the matter is suitable for class and collective treatment and believes that the §191 claims are strong.  Defendant believes that the §191 claims are not strong based upon the recent decision in *Grant v. Global Aircraft Dispatch, Inc.* (2d Dep't, Jan. 17, 2024) and that the facts do not demonstrate that Plaintiff or any co-workers worked enough hours on a regular basis to be entitled to overtime.  Further, Defendant does not believe this case is suitable as a class/collective action.

Hon. Robyn F. Tarnofsky, Magistrate Judge
April 11, 2024
Page 2

As a result, the parties desire to engage in discovery, including providing payroll information and timecards, as well as some limited depositions to determine where the matter should correctly be postured for settlement discussions.  As of now, Plaintiff sees this case as a larger class/collective and Defendant sees this case as a single-plaintiff matter with no liability under both the FLSA and §191.  As a result, the parties would not be in the "same ballpark" when discussing an early resolution.  Until such time that the parties can get more clarity as to the scope of the claims in the case, we would ask that your Honor adjourn the settlement conference *sine die*.  The parties are certainly interested in a resolution, but wish to clarify the scope of the case first.

Respectfully,

ICE MILLER LLP

Simone Park
On behalf of both Plaintiff and Defendant Jointly

SP/PLB
cc:    Paul L. Bittner, Esq. (via email Paul.Bittner@icemiller.com)
       Michael Borrelli, Esq. (via email mjb@employmentlawyernewyork.com)