

1500 Broadway | Suite 2900 | New York, NY 10036

April 15, 2024

Writer's Direct Number: 212.835.6302
Email: Simone.Park@icemiller.com

**_VIA ECF_**

Hon. Jesse M. Furman, United States District Judge
U.S. District Court, Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

**RE:** *Ira Mohammed v. Leap Services, Inc.*, **Case No. 1:24-cv-01318-JMF**
**Joint Letter Motion Requesting Adjournment or Modification of Pending Dates**

Dear Judge Furman:

I represent Defendant Leap Services, Inc. ("Defendant"), and write jointly with Plaintiff, pursuant to Local Rule 7.1(d) and Rules 2(A), 2(E), and 4(A) of Your Honor's Individual Rules Practices in Civil Cases, to request adjournment or modification of the current case schedule, including the upcoming appearances before this Court. The reasons for this adjournment request are more fully described below.

This matter was removed by Defendant to this Court on February 21, 2024 (Dkt. No. 1) based solely on the information provided by Plaintiff in the initial summons from the New York Supreme Court. This initial summons included allegations related to the federal Fair Labor Standards Act ("FLSA"). At that time, no formal Complaint had been filed. The Complaint was filed on April 3, 2024 (Dkt. No. 14) and raised only allegations under New York Labor Law, and specifically NYLL §191 related to liquidated damages and pay frequency. The Complaint also contained claims under §191 on behalf of a class.

Shortly thereafter, the parties, through counsel, discussed the nature of the claims and Plaintiff disclosed that she intends to amend her Complaint and add claims for unpaid overtime under the FLSA as a collective action. The claims are now much broader in scope than was originally anticipated from reviewing the summons. In view of the anticipated FLSA claim, the parties agreed to, and this Court granted, the parties' stipulation to have Plaintiff file her Amended Complaint by May 3, 2024, and for Defendant to file its Answer by June 7, 2024. (Dkt. No. 19).

My co-counsel, Paul Bittner, spoke with Plaintiff's counsel, Michael Borrelli, on April 9, 2024 regarding settlement. Both are experienced wage and hour lawyers. Following those discussions, Plaintiff strongly believes that the matter is suitable for class and collective treatment and believes that the §191 claims are strong. Defendant believes that the §191 claims are not strong based upon the recent decision in *Grant v. Global Aircraft Dispatch, Inc.* (2d Dep't, Jan. 17, 2024) and that the facts do not demonstrate that Plaintiff or any co-workers worked enough hours on a regular basis to be entitled to overtime. Further, Defendant does not believe this case is suitable as a class/collective action.

Hon. Jesse M. Furman, United States District Judge
April 15, 2024
Page 2

As a result, the parties desire to engage in discovery, including providing payroll information and timecards, as well as some limited depositions to determine where the matter should correctly be postured for settlement discussions. As of now, Plaintiff sees this case as a larger class/collective and Defendant sees this case as a single-plaintiff matter with no liability under both the FLSA and §191. The parties are certainly interested in a resolution, but wish to clarify the scope of the case first.

On April 15, 2024, Magistrate Judge Robyn Tarnofsky conducted a pre-settlement conference. At that conference, the parties expressed their respective views and the possibility of early settlement after early informal discovery. Magistrate Judge Tarnofsky requested that the parties jointly file this Letter Motion in order to provide this Court with an update and request a timeline at which a settlement conference could be more fruitful.

In view of the above, the parties respectfully request that the Case Deadlines be modified as follows:

| Event | Current Date | New Proposed Date |
| --- | --- | --- |
| Deadline for Plaintiff to file her Amended Complaint | May 3, 2024 | Unchanged – May 3, 2024 |
| Deadline for parties to confer and exchange informal written discovery | N/A | May 31, 2024 |
| Deadline for Defendant to file its Answer or otherwise Move | June 7, 2024 | Unchanged – June 7, 2024 |
| Deadline to take Plaintiff's deposition | N/A | June 28, 2024 |
| Settlement Conference before Magistrate Judge Tarnofsky | April 17, 2024 at 1:00 p.m. | July 31, 2024 (or another date convenient to the Court after the Pleadings, informal discovery, and Plaintiff's deposition have taken place) |
| Initial Pretrial Conference | May 9, 2024 at 9:00 a.m. | Two weeks after Settlement Conference (or another date convenient to the Court) |

Pursuant to Rule 2(E), the parties state that they have previously requested adjournment of the April 17, 2024 Settlement Conference to Magistrate Judge Tarnofsky, who denied the request (Dkt. No. 22) and following the April 15, 2024 pre-settlement conference, referred the parties to

Your Honor to request the adjournment in view of the case posture and the forthcoming May 9, 2024 pretrial conference.

    Thank you for your time and attention to this matter. Should this Court have any questions, please do not hesitate to contact the undersigned counsel for the parties.

Respectfully submitted,

| BORRELLI & ASSOCIATES, P.L.L.C. | ICE MILLER LLP |
|---|---|
| By: /s/ Michael J. Borrelli | By: /s/ Simone Park |
| Michael J. Borrelli<br>910 Franklin Avenue, Suite 205<br>Garden City, New York, 11530<br>Tel.: (516) 248 - 5550<br>mjb@employmentlawyernewyork.com | Simone Park<br>1500 Broadway Suite 2900<br>New York, NY 10036<br>Tel.: (212) 835-6302<br>Simone.Park@icemiller.com |
| *Attorney for Plaintiff Ira Mohammed* | Paul Bittner (*pro hac vice* forthcoming)<br>250 West Street Suite 700<br>Columbus, OH 43215<br>P 614-462-2228<br>Paul.Bittner@icemiller.com |
| | *Attorneys for Defendant Leap Services, Inc.* |

Application GRANTED. The Clerk of Court is directed to terminate ECF No. 23.

SO ORDERED.

April 15, 2024